**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4043**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARTIN THOMAS ANDERSON, a/k/a Martin McNeil,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:23-cr-00031-JPB-JPM-1)

———————

Submitted:  March 19, 2026                    Decided:  May 18, 2026

———————

Before WILKINSON, RUSHING, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Frank C. Walker II, FRANK WALKER LAW, Clairton, Pennsylvania, for Appellant.  Matthew L. Harvey, United States Attorney, Clayton J. Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Thomas Anderson appeals the 151-month sentence imposed following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  As relevant to this appeal, in calculating Anderson's advisory Sentencing Guidelines range, the district court assessed a base offense level of 30 based on a finding that the offense involved at least 50 grams but less than 150 grams of "Ice," *see* U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2023), and applied a two-level enhancement because the offense involved the use of a firearm, *see* USSG 2D1.1(b)(1).  Both the drug evidence and the firearm relevant to these determinations had been recovered from a backpack found by Anderson's crashed vehicle after an attempted traffic stop.  On appeal, Anderson argues that the district court clearly erred in finding that the backpack and its contents were attributable to him for sentencing purposes.  We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted).  In performing this review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  Only if "the district court has not committed procedural error," do we then assess the substantive reasonableness of the sentence. *Id.*

2

"When determining whether the district court properly applied the advisory Sentencing Guidelines, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *Claybrooks*, 90 F.4th at 253 (internal quotation marks omitted). "'Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed.'" *Id.* (internal quotation marks omitted). "It is well settled that we review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error.'" *United States v. Everett*, 91 F.4th 698, 713 (4th Cir. 2024) (citation modified).

"In undertaking that task, district courts enjoy considerable leeway and may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Banks*, 104 F.4th 496, 526 (4th Cir. 2024) (internal quotation marks omitted). "Further, sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." *Id.* (internal quotation marks omitted). And, "there is 'no requirement that the government present its relevant conduct evidence at trial, nor is the district court at sentencing bound by the evidence presented at trial when determining drug quantity or other relevant conduct.'" *Everett*, 91 F.4th at 713. This Court "thus afford[s] great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *Id.* (internal quotation marks omitted).

Based on these principles, we discern no clear error in the district court's finding that the backpack and its contents were attributable to Anderson and therefore in either its

3

calculation of the applicable drug weight or application of the firearm enhancement. Viewing the facts and circumstances in their totality, including the officer's observations and testimony, the evidence from the scene, and the identifying information found in and around the backpack, the district court reasonably concluded that the backpack was attributable to or owned by Anderson. Anderson's arguments to the contrary fail to show that the district court's findings were clearly erroneous or that the court made any other error in its calculation of the advisory Guidelines range that would render his sentence procedurally unreasonable. Anderson does not challenge the substantive reasonableness of his sentence.

Anderson has also filed a motion to adopt his pro se reply to the Government's response and a pro se motion to remove his counsel of record and appoint substitute counsel. Alternatively, he asks to proceed pro se. We grant Anderson's motion to adopt his reply brief. However, we deny his motion to appoint substitute counsel or to proceed pro se. We affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4